IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN MARTYNUSKA           :

                            :

    v.                      :   Civil Action No. DKC 19-660

                            :

BWW LAW GROUP, LLC, et al.  :

                            :

**MEMORANDUM OPINION**

Plaintiff Steven Martynuska, proceeding *pro se*, filed a motion for temporary restraining order, permanent injunction, and demand to strike pleading on March 14, 2019 (ECF No. 7),[1] an amended motion for temporary restraining order, permanent injunction, and request for emergency hearing on March 19, 2019 (ECF No. 8), and a request for an *ex parte* hearing on March 19, 2019 (ECF No. 9). Plaintiff seeks a court order halting foreclosure activity, although his papers are very unclear as to the property and the status of any foreclosure proceedings.

Temporary restraining orders ("TRO") and preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d

---

[1] Although deposited in the night drop box on Thursday March 14, 2019 at 7:33 p.m., the motion was not entered by the clerk until Monday March 18, 2019 at 2:42 p.m. The motion did not mention any imminent foreclosure action.

335, 339 (4th Cir. 2001).  According to the Supreme Court of the United States, the party seeking the preliminary injunction or TRO must demonstrate that: (1) he is likely to succeed on the merits "by a clear showing"; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) preliminary injunctive relief is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20-24 (2008); *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010).  Here, on the basis of Plaintiff's motion for TRO and a review of the pending motion to dismiss, the court cannot conclude that Plaintiff has made or can make the showing necessary to justify the extraordinary relief requested.  In particular, Plaintiff cannot demonstrate that he is likely to succeed on the merits.  Accordingly, Plaintiff's requested emergency relief will be denied.

Moreover, "[n]otice is not required for a TRO, but . . . the movant himself, in the case of a *pro se* party, must 'certif[y] in writing any efforts made to give notice and the reasons why [notice] should not be required.'" *Sci. Sys. & Applications, Inc. v. United States*, No. PWG-14-2212, 2014 WL 3672908, at *3 (D.Md. July 22, 2014) (quoting Fed.R.Civ.P. 65(b)(1)(B)).  Here,

Plaintiff filed his motion for TRO seeking to halt the foreclosure after business hours on March 14, the day before the foreclosure was scheduled to take place according to Defendant's motion to dismiss. (ECF No. 5). Although Plaintiff purports to provide notice through service of the motion for TRO, alerting Defendants so close to the scheduled foreclosure is insufficient. "The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *Franklin v. BWW Law Grp. LLC*, No. CV DKC 16-0455, 2016 WL 9724972, at *1 (D.Md. Apr. 4, 2016) (citation omitted). The court declines to wield its equitable power under these circumstances.

Plaintiff also requests an *ex parte* hearing to "explain to the Judge what happened to [his] filing." (ECF No. 9). "It is settled beyond peradventure that, in our system of justice, ex parte judicial proceedings . . . are greatly disfavored. The conduct of such proceedings present substantial due process concerns, and our courts are necessarily and properly reluctant to participate in them." *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 357 (4th Cir. 2007). Further, the Code of Judicial Conduct for United States Judges, Canon 3(A)(4), states that "a judge should not "permit, or consider ex parte communications . . .

. concerning a pending or impending matter[.]" The reasons set forth in Plaintiff's motion do not constitute grounds for an *ex parte* hearing and Plaintiff's motion will be denied. A separate order will follow.

<pre>
                                    /s/
                        DEBORAH K. CHASANOW
                        United States District Judge
</pre>