IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN MARTYNUSKA              :
                               :
    v.                         :    Civil Action No. DKC 19-0660
                               :
BWW LAW GROUP, LLC, et al.     :
                               :

**MEMORANDUM OPINION**

Plaintiff Steven Martynuska, proceeding *pro se*, filed a complaint raising several challenges to a state foreclosure proceeding. (ECF No. 1). Defendant BWW Law Group, LLC ("Defendant BWW Law Group") filed the presently pending and ready for resolution motion to dismiss. (ECF No. 5). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

In 2006, Plaintiff obtained a loan from Chase Bank USA, N.A., evidenced by a promissory note (the "Note") and a deed of trust (the "Deed of Trust"), and secured by the property located at 3830 Greenridge Drive, Monrovia, Maryland 21770 (the "Property"). (ECF No. 1-3). On October 12, 2017, "Seterus, Inc., as authorized subservicer for Federal National Mortgage Association ("Fannie Mae")," executed an Appointment of Substitute Trustees and appointed attorneys from Defendant BWW

Law Group as Substitute Trustees under the Deed of Trust. (ECF No. 5-3). Foreclosure proceedings regarding the Property have occurred in the Circuit Court for Frederick County, Maryland. *See Ward v. Martynuska*, Case No. C-10-cv-17-000210.[1] The state court authorized foreclosure of the Property. On March 15, 2019, the trustee filed a report of sale and on May 29, 2019, the state court ratified the report of sale.

Before the foreclosure sale occurred, Plaintiff sought to prevent it by filing a complaint seeking temporary and permanent injunctive relief in the United States District Court for the District of Maryland. *See Martynuska v. BWW Law Group, LLC*, No. 18-cv-03759-JKB ("the first federal action"). Plaintiff also alleged "breach of contract, wrongful foreclosure, violation of unspecified laws, and fraud[.]" (Civil Action No. 18-03759, ECF

---

[1] In reviewing a motion to dismiss, the court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Plaintiff attached the Deed of Trust to his complaint. (ECF No. 1-3). In the motion to dismiss, Defendant discusses the state court foreclosure proceedings and attaches the state court docket. (ECF No. 5-1, at 2, 5-6; ECF No. 5-3). Plaintiff did not respond to Defendant's motion to dismiss. The state court proceedings may be considered without converting the motion into one for summary judgment. *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *Greens v. Wells Fargo Bank, N.A.*, 927 F.Supp.2d 244, 246 n.2 (D.Md. 2013) ("A federal district court may take judicial notice of documents from state court proceedings and other matters of public record."). The docket for the state court foreclosure action is available at the Maryland Judiciary Case Search website: http://casesearch.courts.state.md.us.

No. 3, at 1 n.2). On February 26, 2019, Judge Bredar granted Defendant BWW Law Group's motion to dismiss because the complaint did "not pass muster" under Fed.R.Civ.P. 12(b)(6) and closed the first federal action. (Civil Action No. 18-03759, ECF No. 12). Plaintiff did not seek leave to amend and did not appeal. Instead, on March 1, 2019, Plaintiff initiated this action. (ECF No. 1). Plaintiff's complaint raises similar challenges to the foreclosure, including breach of contract and wrongful foreclosure, as those raised in the first federal action. *Res judicata* bars Plaintiff's claims because: (1) the parties in the two actions are identical; (2) the issues raised here were or could have been raised in the first federal action; and, (3) a dismissal for failure to state a claim is a final adjudication on the merits. *See Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003); *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

For the foregoing reasons, the motion to dismiss filed by Defendant BWW Law Group will be granted. A separate order will follow.

                                              /s/
                                DEBORAH K. CHASANOW
                                United States District Judge